# EXHIBIT 1

Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
dan@bskilaw.com

Tyler B. Ayres, Bar No. 9200
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
Tyler@AyresLawFirm.com
Attorneys for Plaintiff

SECOND JUDICIAL DISTRICT COURT
WEBER COUNTY, STATE OF UTAH – OGDEN DEPARTMENT

| Eric D. Lehmann,<br><br>On behalf of Plaintiff and Class,<br><br>vs.<br><br>Cavalry SPV I, LLC,<br><br>Defendant, | **COMPLAINT AND JURY DEMAND**<br>**(Tier 3)**<br><br>CIVIL NO:<br><br>JUDGE: |
|---|---|

Plaintiff Eric Lehmann (Lehmann), by and through his attorneys of record, makes demand for a jury trial and complains of Defendant as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to Utah Code § 78A-5-102(1).

2. Venue is proper because the cause of action arose in Weber County, State of Utah.

3. Defendant is subject to personal jurisdiction within the State of Utah because Cavalry SPV I (Cavalry) engaged in debt collection activities within the State of Utah.

1

4. The Utah Consumer Sales Practice Act specifically authorizes class actions in this alleged context.

## PARTIES

5. Plaintiff Lehmann is a citizen of the United States above the age of eighteen, and was at all times mentioned a resident of Weber County, State of Utah, which is in this judicial district.

6. Defendant Cavalry is a Delaware Limited Liability Company with a its registered agent, CT Corporation System, located at 1108 E. South Union Ave, Midvale, UT 84047.

## GENERAL ALLEGATIONS

7. This case has to do with the prosecution of bogus debt collection actions by Defendant Cavalry when it did not have the right to engage in the business of debt collection in the State of Utah. In furtherance of its debt collection business, Cavalry improperly filed actions before courts in Utah to obtain judgments against the Named Plaintiff and Plaintiffs Class members (defined in ¶¶ 11-28 below). Cavalry achieved its goal through the use of high volume, repeat cases which have clogged the courts and to obtain its bogus judgments through the use of non-compliance with Utah laws regulating debt collection. By using the court system for its improper purposes, Cavalry has been unjustly enriched and permitted to engage in the business of debt collection in Utah when it was not licensed to do so.

8. The judgments improperly obtained by Cavalry in Utah are void because Cavalry lacked standing in Utah to collect those debts before it obtained the mandatory license required by Utah law. Without the mandatory license it was not legally entitled to payment on the notes and had suffered no protectable injury which was required for it to obtain the

jurisdiction of the state courts. The failure to object to the lack of standing by the Plaintiffs class members who either defaulted or consented to judgment does not impact this rule. Parties cannot confer subject matter jurisdiction by consent, waiver or estoppel.

9. In a related matter before the U.S. District Court of Maryland involving the Defendant, *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010), the Honorable Catherine C. Blake found that the Plaintiffs in that action, who are not Class members, were permitted to pursue claims against LVNV under federal and state law "when it filed complaints in Maryland state court against…the putative class members [when]…LVNV had failed to become licensed as a "collection agency" by the Maryland Commissioner of Financial Regulation prior to filing the lawsuits, as required by Maryland law, Md. Code Ann., Bus. Reg. § 7–301."

10. Plaintiff alleges that part of the injury sustained by them and the Plaintiff class members as a result of the state court judgments obtained by Cavalry against them included the assessment of a purported debt sum, interest, and costs (including attorney fees) against them. The damage arose from the existence of the judgments reflecting a judgment that was void and/or the enforcement of the judgments by garnishment, or payments collected through threat based on the judgments, which caused, actually and proximately, the injury for which the Plaintiff seeks redress.

## FACTS

### The Proliferation of Debt Collection Irregularities

11. This case arises from a systematic, intentional, and predatory debt collection business of Defendant Cavalry against vulnerable Utah consumers without the mandatory license required by the State of Utah.

3

12. Defendant Cavalry allegedly acquires consumer debts in default for pennies on the dollar and then engages in the business of debt collection including trying to collect the debt by filing lawsuits before Utah courts when it did not have the legal authority to engage in the business of debt collection in the State of Utah. Until August 16th, 2017, Cavalry continued to operate without a license thus (i) skirting the requirements easily complied with by other similarly situated companies engaged in the business of debt collection in Utah, which provided Cavalry an improper advantage over those who followed the law and (ii) avoiding the mandatory protections intended for Utah consumers by the legislature and regulatory authority.

13. The non-partisan Government Accounting Office (GAO) recently summarized public enforcement of this kind of scheme as follows:

> our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt. These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

14. Cavalry was a "collection agency" as defined by Title 12 Collection Agencies. Cavalry directly participated in collection efforts by filing lawsuits, providing documents relating to the lawsuits and otherwise acting through its authorized agents to collect consumer debts.

**Utah's Licensing Requirements for a Debt Collector License**

15. Utah Code Ann. 12-1-1 provides:

   *No person shall conduct* a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, *unless at the time of conducting the collection agency,* collection bureau, collection office, or collection business, or of advertising or soliciting, *that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.*

(Emphasis added)

16. However, until August 16th, 2017, Cavalry did not have the mandatory license required by Utah law but continued its business of collecting dates acquired in default and filed collection lawsuits in Utah courts without the right to do so.

17. According to public records, Cavalry engaged directly in collection activities in more than a 1,000 occurrences in the State of Utah during the class period by taking actions, in the form of collection lawsuits, to collect debts from Plaintiffs Class members.  In these lawsuits Cavalry actively and directly participates by acting as the named party in the litigation and providing purported affidavits and other papers in support of the complaint to the state courts.

   **Facts Related to Plaintiff Lehmann**

18. Without the legal right or Collection Agency license to do so, on May 26th, 2017, Cavalry continued its business of collecting debts when it filed a consumer debt collection action in the Second Judicial District Court of Utah, Ogden Division against Lehmann styled as *Cavalry SPV I, LLC. v. Lehmann, Eric* - Case No. 170803311 ("Lehmann Action"*)*.

5

19. At the time of filing of the Lehmann Action, Cavalry did not have a license as a Collection Agency as required under Utah law.

20. In the Lehmann Action the District Court of Utah did not determine if it in fact had jurisdiction over the parties or whether Cavalry had any right to file the debt collection action.

21. Cavalry brought the action based on a debt that it had purchased from Citibank for the amount of $8,734.38.

22. Mr. Lehmann did not respond and Cavalry moved for a default judgment.

23. Cavalry obtained a default judgment for $8,964.38 on July 25, 2017.

24. Cavalry moved for and was granted a writ of continuing garnishment on September 11th, 2017.

25. Cavalry received money pursuant to the judgment and/or the writ of garnishment.

26. Cavalry filed a satisfaction of judgment on May 21st, 2018

### Plaintiff's Class Allegations

27. This action is also properly brought as a Plaintiff's Class under Utah Rule of Civil Procedure 23 and Utah Code Ann 13-11-19. Plaintiff proposes, as the definition of the Plaintiff's Class, that it be defined as follows:

**Those persons sued by Cavalry in Utah state courts from September 26th, 2014 through August 16th, 2017 in an attempt to collect a consumer debt.**

28. The particular members of the Plaintiffs Class are capable of being described without difficult managerial or administrative problems. The members of the Plaintiffs Class are readily identifiable from the information and records in the possession or control of Cavalry or its affiliated entities and agents or even public records.

29. The Plaintiffs Class members are sufficiently numerous that individual joinder of all members is impractical. This allegation is based on the fact that Cavalry has employed multiple entities and persons to collect on its behalf in hundreds of collection action actions in this Court and other state courts throughout the State of Utah against the Plaintiffs Class.

30. There are questions of law and fact common to the Plaintiffs Class which predominate over any questions affecting only individual members of the Plaintiffs Class and, in fact, the wrongs alleged against Cavalry by the Plaintiffs Class members and the remedies sought by Named Plaintiff and the Plaintiff's Class members against Cavalry are identical, the only difference being the exact monetary sum to which each Plaintiffs Class Member is entitled to receive from the sum disgorged by Cavalry. The common issues include, but are certainly not limited to:

    a. Whether Cavalry lacked legal standing to have obtained the judgments it did against the Plaintiffs Class Members;

    b. Whether this Court may declare the Cavalry's judgments against the Plaintiffs Class members void;

    c. Whether Cavalry acted as a collection agency in the State of Utah prior to August 16th, 2017;

    d. Whether Cavalry was licensed to act as a collection agency in Utah before August 16th, 2017;

    e. Whether Cavalry should be ordered to disgorge money that it has wrongfully collected as a collection agency when it was not licensed to act as a collection agency.

31. Named Plaintiff's legal and equitable claims are typical and the same or identical for each

of the member of the Plaintiffs Class and will be based on the same legal and factual theories.

32. Cavalry's defenses (which defenses are denied) would be typical and the same or identical for each of the member of the Plaintiffs Class and will be based on the same legal and factual theories.

33. The Named Plaintiff will also fairly and adequately represent and protect the interests of the Plaintiffs Class.  Named Plaintiff has retained counsel experienced in consumer class actions including actions involving unlawful commercial practices.  Named Plaintiff does not have any interests which might cause them not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the members of the Plaintiffs Class.

34. Certification of a Plaintiff's Class under Rule 2-231 (b)(2) and (b)(3) is appropriate as to the Plaintiff Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of Plaintiff Class members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

35. Defendant, by acting as a collection agency without a license, has acted on grounds generally applicable to the class.

36. The Plaintiffs Class members have suffered damages, losses, and harm similar to those sustained by the Named Plaintiff.

## COUNT I

**(Individual and Class Claim for Declaratory Judgment and Damages Related to Collection's Practice of Filing Suits to Collect Debts without the Appropriate License pursuant to the Utah Consumer Sales Practice Act)**

37. Named Plaintiff incorporate the foregoing allegations.

38. The Utah Consumer Sales Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2(2) and (6).

39. Defendant Cavalry's practice of collecting debts without a license as required in Utah is a deceptive practice designed to take advantage of consumers who may not know that Cavalry has not acquired the proper license to collect debts in Utah. Defendant did not disclose that it did not have the requisite license when it filed suit against Utah consumers in an attempt to collect on purchased debts.

40. Defendant Cavalry also received an unfair advantage over other suppliers who follow the law and either go to the cost and expense of attaining compliance with Utah's laws or do not collect debts in Utah.

41. Defendant Cavalry purposefully engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

42. Named Plaintiff seeks a declaration on behalf of the Plaintiff class members, that since Defendant Cavalry was acting unlawfully as an unlicensed collection agency, Cavalry did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (i) void and unenforceable and (ii) Cavalry should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class members.

43. Defendant Cavalry should be ordered to disgorge all sums collected on a judgment amounts from the Plaintiff Class member's amounts that Cavalry obtained as a result of the judgments entered improperly against the Plaintiff Class Members while it acted illegally as a collection agency without a license.

44. Defendant should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

45. Alternatively a declaration that the Defendant Cavalry is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment Cavalry obtained improperly.

46. Named Plaintiff is also entitled to statutory damages of $2,000 under the Utah Consumer Sales Practice Act for the harm caused by Cavalry's attempts to unlawfully collect on a debt.

WHEREFORE, Named Plaintiff and Plaintiff Class Members pray that this Court:

a.  Certify this case as a class action with the Named Plaintiff as class representatives and their attorneys as counsel on behalf of the Plaintiff class members described herein;

b.  Order appropriate injunctive relief against Cavalry to prevent further violations of law or providing any benefit to Cavalry for its illegal activities, including a preliminary and permanent injunction;

c.  Order the Defendant to disgorge all judgment amounts collected from the Plaintiffs Class based upon judgments entered improperly against the Plaintiff Class Members when Cavalry acted as a collection agency without a

license;

d. Award reasonable attorney's fees, litigation expenses and costs;

e. Order appropriate declaratory relief; and

f. Provide such other or further relief as the Court deems appropriate.

## COUNT II

### (Individual and Class Claim for Unjust Enrichment)

47. Named Plaintiff incorporates the foregoing allegations.

48. Defendant Cavalry was not entitled to receive any benefit or payments from Named Plaintiff and Plaintiff Class Members as a result of the judgments obtained by it in the state courts against the Named Plaintiff and Plaintiff Class Members because it did not have the legal right or legal standing to have even initiated the collection lawsuits in the first instance.

49. Cavalry has known or should have known since 2013 that it was required to have a license to act as a collection agency in the State of Utah and it failed to obtain a license to act as collection agency before seeking judgment against the Named Plaintiff and Plaintiff Class Members.

50. Due to its knowledge, as described above, Cavalry had an appreciation that it was not entitled to receive the benefits it was collecting from the Plaintiff and Plaintiffs Class members that flow from the void judgments it improperly obtained.

51. The acceptance and retention by Cavalry of any sums received as a result of the void judgments obtained by it against the Named Plaintiff and Plaintiff Class Members under such circumstances is inequitable since Cavalry did not have the legal right to even collect such payments in the first instance in the manner it sought to collect them—this

11

conclusion is just and proper even though Cavalry might have otherwise collected the alleged debts legally by obtaining a license.

52. Defendant Cavalry is not entitled to any equitable relief in the form of set off or recoupment since it comes before the Court with unclean hands having engaged in illegal activities in the State of Utah.

53. Alternatively any set off or recoupment is and should be limited to the amounts actually paid by the Defendant Cavalry for any claims against the Plaintiff class members since to allow more is not equitable since it would represent a windfall to the Defendant Cavalry.

WHEREFORE, Named Plaintiff and Plaintiff Class Members pray that this Court:

a. Certify this case as a class action with the Named Plaintiff as class representatives and their attorneys as counsel on behalf of the Plaintiff class members described herein;

b. Grant a money judgment and order the Defendant to disgorge and pay to the Plaintiffs Class all judgment sum interest it has collected, from the Plaintiffs Class related to the judgments it obtained without the right to do so.

c. Award reasonable attorney's fees, litigation expenses and costs; and

d. Provide such other or further relief as the Court deems appropriate.

DATED this 27th day of September, 2018.

AYRES LAW FIRM

/s/___Daniel Baczynski_____
